UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILJANA D'AMICO, | CIVIL ACTION |
| VERSUS | NO. 26-01539 |
| WALMART INC., ET AL. | SECTION "N" |

**ORDER & REASONS**

Before the Court is a motion to remand by Plaintiff Biljana D'Amico.[1] Defendants Walmart Inc. and Nigobo Chusu Electronic Commerce Co., Ltd. d/b/a Syedee Fitness did not file an opposition. Having considered the plaintiff's motion, the record, and the applicable law, the Court issues this Order & Reasons granting the motion to remand.

## I. Factual Background

On April 21, 2026, D'Amico filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, against defendants.[2] D'Amico alleged claims under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.51, *et seq.*, and for negligent undertaking arising from personal injuries she sustained while using a multiple hip thrust machine manufactured by Syedee Fitness and sold and distributed by Walmart. She seeks damages for past and future medical expenses; physical, mental, and emotional pain and suffering; permanent disability; and physical disfigurement.

[1] Rec. Doc. 5.
[2] Rec. Doc. 1-2.

Walmart was served through its agents for service of process on June 8, 2026, with D'Amico's petition.[3] On June 12, 2026, D'Amico sent her settlement demand with supporting medical records to Walmart's senior analyst, claims litigation, as well as to a representative for Syedee Fitness.[4] The settlement demand letter stated that D'Amico's attorney would be willing to recommend to D'Amico that she accept $2 million plus court costs to settle her claims.[5] The letter, with the supporting records, itemized past medical expenses totaling over $59,000, described seven categories of future medical expenses, and detailed loss-of-income and pain-and-suffering damages for which no amount was specified.

On July 14, 2026, Walmart filed a notice of removal with this Court pursuant to 28 U.S.C. §§ 1332 and 1441, alleging complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.[6] Walmart identified D'Amico's settlement demand and medical records as the "other paper," pursuant to 28 U.S.C. § 1446, from which it could ascertain that the amount in controversy exceeds $75,000.[7] D'Amico moved to remand the matter pursuant to 28 U.S.C. § 1447(c) on July 31, 2026.[8]

---

[3] Rec. Doc. 1-3.
[4] Rec. Doc. 1-4.
[5] Rec. Doc. 1-6.
[6] Rec. Doc. 1.
[7] *Id.* ¶¶ 10, 19.
[8] Rec. Doc. 8.

## II. Law & Analysis

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court.[9] District courts have original jurisdiction of all civil actions in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.[10] "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'"[11]

Federal courts have a constitutional obligation to satisfy ourselves that jurisdiction is proper before engaging in the merits.[12] Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.[13] "We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[14]

Here, D'Amico challenges Walmart's compliance with 28 U.S.C. § 1446. Section 1446(b) requires that a defendant must file a notice of removal either within 30 days after receiving the initial pleading or, if the case stated by the initial pleading is not removable, within 30 days after receipt "through service *or otherwise*, of a copy of an

[9] 28 U.S.C. § 1441(a).
[10] 28 U.S.C. § 1332(a)(1).
[11] *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).
[12] *See Ziegler v. Champion Mortg. Co.*, 913 F.2d 228, 229 (5th Cir. 1990).
[13] *Vantage Drilling Co. v. Su*, 741 F.3d 535, 537 (5th Cir. 2014).
[14] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." Remand is appropriate when a defendant files a notice of removal that is untimely under § 1446(b).[15]

D'Amico argues that Walmart received such other paper on June 12, 2026, when her attorney sent her settlement demand with supporting medical records to Walmart's senior analyst, claims litigation. The deadline for Walmart to remove the case under the 30-day deadline of § 1446, therefore, was July 13, 2026. Walmart agreed in its notice of removal[16] that these materials constitute an "other paper" from which it first ascertained that the case was removable.[17] And while Walmart claimed in its notice of removal to have received these materials on June 30, 2026, when D'Amico's attorney forwarded the June 12 email to its outside counsel, Walmart failed to present any response that disputes that its senior analyst for claims litigation received these materials on June 12 or that he was an appropriate person to receive the materials. In fact, Walmart's notice of removal attached the June 30 email showing the forwarded June 12 email.[18] Meanwhile, D'Amico attached to her motion correspondence in which a case manager with Walmart Claims Services who had been communicating about the claim with D'Amico's counsel identified and provided the contact information for the June 12 email recipient to her counsel.[19] In other words, Walmart directed D'Amico to correspond with the recipient of the "other

---

[15] *Parish of Plaquemines v. Chevron USA, Inc.*, 969 F.3d 502, 506 (5th Cir. 2020).
[16] Rec. Docs. 1 ¶ 10, 1-4.
[17] *See Addo v. Global Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (settlement demand may constitute "other paper" under § 1446(b).
[18] Rec. Docs. 1-4.
[19] Rec. Docs. 8-3, 8-4, 8-5.

paper" regarding her claim, thus making this person a proper recipient of these materials. Under the plain text of § 1446(b)(3), a defendant need only receive the other paper for the 30-day clock to begin; formal service is not required.[20] This plain language, combined with direction that courts should construe removal statutes strictly, and Walmart's failure to challenge its receipt of the other paper on June 12m when it has the burden of establishing federal jurisdiction, supports the Court's finding that the 30-day removal deadline should be calculated from June 12, 2026.

Because Walmart did not file its notice of removal until July 14, 2026, more than 30 days after receiving D'Amico's June 12 demand correspondence, this notice was untimely under 28 U.S.C. § 1446, and the case is remanded.

Finally, the Court declines to award fees and costs pursuant to 28 U.S.C. § 1447(c). This fee-shifting provision acts to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."[21] Accordingly, the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[22] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[23] The Court finds no grounds for shifting fees and costs under these

---

[20] *See York v. Horizon Fed'l Sav. & Loan Ass'n*, 712 F. Supp. 85, 90 (E.D. La. 1989).
[21] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).
[22] *Id.*
[23] *Id.* at 141.

standards. While Walmart received the other paper showing the case was removable more than 30 days before it filed the notice of removal, it appears that its outside counsel may not have. Moreover, the record does not indicate that Walmart intended to prolong the litigation or impose costs on the plaintiff.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion for remand is **GRANTED**. This matter is remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiff's request for an award of fees and costs is **DENIED**.

New Orleans, Louisiana, this 31st day of August, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE